UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAUNTWAN BARNES,

    Plaintiff,

v.                                            Case No. 5:21-cv-5-TKW-MJF

MARK INCH, *et al.,*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 11). Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

### I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Shauntwan Barnes (DC# N21938) is a Florida prisoner confined at Dade Correctional Institution. Barnes initiated this lawsuit on December 30, 2020,

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Barnes's second amended complaint names nine Defendants: Mark Inch, Secretary of the Florida Department of Corrections ("FDC"); John Doe #1, a medical provider with Geo Group, Inc.; and seven prison officials at Graceville Correctional Facility (Warden Jeff Thomas, Assistant Warden Jerry Dudley, Inspector Hugh Kopp, Classification Officer Marcey Watson, Classification Officer Leise Sweett, Classification Officer T.W. Taylor, and Sergeant Tory Ponds). (Doc. 11 at 1-4).[2]

Barnes claims that the Defendants violated his First, Eighth and Fourteenth Amendment rights with regard to various incidents that occurred at Graceville CF between November 18, 2019, and November 17, 2020, including: (1) an inmate assault against Barnes; (2) an investigation of whether Barnes placed a "hit" on his former defense counsel; (3) the handling of Barnes's legal property; (4) a use of force incident and related disciplinary conviction; (5) inadequate medical care; and (6) interference with Barnes's ability to file grievances. (Doc. 11 at 6-15). As relief for the alleged violation of his constitutional rights, Barnes seeks "actual" and punitive damages. (*Id*. at 16-17).

---

[2] Citations to page numbers are to the numbers assigned by the court's Electronic Case Filing system ("ECF").

## II. DISCUSSION

**A.     <u>Screening of Barnes's Second Amended Complaint</u>**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner

was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.    **Barnes's Reponses to Questions on the Complaint Form**

In his second amended complaint filed on May 3, 2021, Barnes provided answers to Section VIII of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 11 at 19-21). The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (Doc. 11 at 18 (quoting 28 U.S.C. § 1915(g))).

Question VIII(A) of the complaint form asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (*Id*. at 19). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Barnes marked "Yes," and disclosed one case: *Barnes v. Dempsey, et. al.*, Case No. 4:19-cv-171-WS-HTC. (*Id*. at 19). Barnes filed Case

No. 4:19cv171-WS-HTC in this District Court on April 18, 2019, when he was confined at the Leon County Detention Facility ("LCDF"). Barnes's LCDF Inmate Number was 228429. (*See* Case No. 4:19-cv-171-WS-HTC, Doc. 1). The case was dismissed on July 2, 2019, for failure to state a claim upon which relief may be granted. (*See* Case No. 4:19-cv-171-WS-HTC, Doc. 8). Barnes disclosed only that case and no others.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?" (*Id*. at 19). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Barnes marked "No," and disclosed no cases. (*Id*. at 19-20).

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" (*Id*. at 20). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question VIII(C), Barnes marked "Yes," and disclosed the same case discussed above—Case No. 4:19-cv-171-WS-HTC. (*Id*.). Barnes disclosed no other cases. (*Id*. at 20-21).[3]

---

[3] Barnes provided identical answers concerning his litigation history in his first amended complaint. (Doc. 9 at 9-11). Barnes's original compliant was not filed on the court form and did not disclose any prior litigation. (Doc. 1).

At the end of the civil rights complaint form, Barnes signed his name after the following certification: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id*. at 21-22). Thus, Barnes has stated, in effect, that at the time he signed his second amended complaint on May 3, 2021, he had not initiated any other action in federal court that (1) was dismissed for failure to state a claim, or (2) related to the conditions of his confinement.

C. **Barnes's Omissions**

The court takes judicial notice that, at the time Barnes filed his second amended complaint in this case, he had initiated two other civil actions in federal court that required disclosure. On May 25, 2018, Barnes filed a prisoner civil rights action in the Northern District of Florida against the judge and prosecutor in his underlying criminal case, claiming that they violated his Eighth-Amendment rights by failing to impose mental health treatment as part of his sentence. *See Barnes v. Dempsey, et al.*, No. 4:18-cv-261-MW-CAS. The action was dismissed on March 5, 2019, for failure to state a claim upon which relief may be granted and because Judge Dempsey was immune from suit. (*See* No. 4:18-cv-261-MW-CAS, Doc. 13). The lawsuit is attributable to Barnes insofar as it bears his Leon County Detention Center

Number: 228429. Barnes did not disclose this prior lawsuit in his original, first, or second amended complaint filed in this case. (Docs. 1, 9, 11).[4]

In addition, on June 4, 2018, Barnes filed a civil rights action in the Northern District of Florida against the Secretary of the FDC, in which Barnes complained about the conditions of his confinement from 2013-2016. *See Barnes v. Jones*, No. 4:18-cv-270-RH-CAS. The action was dismissed on August 27, 2018, for Barnes's failure to prosecute and failure to comply with court orders. (*See* Case No. 4:18-cv-270-RH-CAS, Doc. 6). The lawsuit is attributable to Barnes insofar as it bears his Leon County Detention Center Number: 228429. Barnes did not disclose this prior lawsuit in his original, first, or second amended complaint filed in this case.

Barnes was required to disclose his two prior lawsuits in response to Questions (A) and (C) of the complaint form, because the first suit was dismissed for failure to state a claim, and the second suit related to the conditions of his confinement. Barnes's failure to disclose the prior cases violates his duty of candor to this court.

**D.    Materiality of Barnes's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

---

[4] The post-judgment docket entry in Case No. 4:18-cv-261-MW-CAS concerning returned mail on January 6, 2020, noted that the Leon County Detention Center returned its copy of the order granting Barnes leave to proceed *in forma pauperis*, because Barnes no longer was in their custody. (Doc. 15).

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc*. 750 F.3d 1253, 1262 (11th Cir. 2014)

(noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Barnes falsely responded to questions on the complaint form as detailed above. Barnes knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 11 at 21). A penalty is warranted both to deter Barnes from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."

*Sears*, 509 F. App'x at 936. The court should not allow Barnes's false responses to go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If Barnes suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Barnes's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Barnes an opportunity to amend his complaint to disclose the additional lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 15th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**